1  STEVEN G. KALAR
   Federal Public Defender
2  NED SMOCK
   Assistant Federal Public Defender
3  555 - 12th Street
   Suite 650
4  Oakland, CA 94607-3627
   Telephone: (510) 637-3500
5
   Counsel for Defendant Tuan LUONG
6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| 11 | UNITED STATES OF AMERICA, ) | No. CR-15-00178 HSG |
| 12 | Plaintiff, ) | MOTION, NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF |
| 13 | vs. ) | MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT |
| 14 | TUAN NGOC LUONG, ) | Date: August 10, 2015 |
| 15 | Defendant. ) | Time: 2:00 p.m. Courtroom: Hon. Haywood S. Gilliam |
| 16 | ) | |

17 TO: UNITED STATES OF AMERICA, PLAINTIFF; AND MELINDA HAAG, UNITED STATES ATTORNEY; AND BRIAN LEWIS, ASSISTANT UNITED STATES
18   ATTORNEY

19  PLEASE TAKE NOTICE that defendant Tuan Ngoc Luong moves this Court for an order

20 dismissing counts One and Two of the indictment because Count One does not properly allege a

21 federal offense, because the grand jury did not find an essential element of the offense or,

22 alternatively, because the government cannot prove the necessary elements of the offense.

23  The motion is based on this notice and motion, the following memorandum of points and

24 authorities and accompanying exhibits, Rules 7 and 12(b)(3) of the Federal Rules of Criminal

25 Procedure, all other applicable constitutional, statutory and case authority and such evidence and

26 argument as may be presented at the hearing of this motion.

DEF'S MTN. TO DISMISS
*U.S. v. LUONG*, NO. CR 15-00178 HSG           1

# INTRODUCTION

The defendant, Tuan Ngoc Luong, moves to dismiss Count One of the indictment because it does not state a federal offense. The indictment does not adequately allege that his conduct affected interstate commerce, as required by the Hobbs Act, and thus there is no assurance that the grand jury found the interstate-commerce nexus necessary for federal jurisdiction over this case. Alternatively, Mr. Luong asks the Court to dismiss the indictment before trial because the government will not be able to prove the necessary elements of the offense. The charged offense – the robbery of an individual – does not have a sufficient effect on interstate commerce to provide the government federal jurisdiction under the Commerce Clause. Because Count Two depends on Count One, it, too, must be dismissed.

# RELEVANT FACTS

The indictment in this case charges Mr. Luong in Count One with interfering with commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a). *See* Indictment, attached as Exhibit A. Count One alleges that Mr. Luong "knowingly obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by robbery." *Id.* Specifically, it alleges that Mr. Luong stole

> personal property from the victim, namely the victim's iPhone 6, credit card, driver's license, and medical card, by purporting to offer for sale on Craigslist, an online marketplace allowing users to advertise merchandise and services for sale throughout the United States, a 1996 Acura Integra, and when the victim met the defendant in order to purchase the car, the defendant robbed the victim at gunpoint.

*Id.* Count Two of the indictment alleges that Mr. Luong knowingly brandished a firearm during and in relation to the crime of violence alleged in Count One, in violation of 18 U.S.C. § 924(c). *Id.*

# ARGUMENT

**A. The Court has authority to dismiss counts from the indictment before trial**

A defendant may move before trial for dismissal of an indictment on the grounds that it is

defective or it "fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). In deciding a pre-trial motion to dismiss the indictment, a district court generally is bound by the four corners of the indictment. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). It must accept as true the allegations in the indictment in deciding whether the indictment charges a cognizable offense. *Id.*

A district court also may decide a motion to dismiss an indictment before trial if it raises pure issues of law. *United States v. Phillips*, 367 F.3d 846, 855 (9th Cir. 2004). Although a district court generally cannot decide before trial questions of the sufficiency of the evidence, it may do so if the relevant facts are not in dispute. *Id.* at 855 & n.25; *see also United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (discussing circuits' general acceptance of pre-trial motion to dismiss indictment based on sufficiency of evidence where material facts are undisputed and only issue of law remains). Whether a defendant's acts establish the necessary jurisdictional element of a Hobbs Act violation is a question of law. *United States v. Buffey*, 899 F.2d 1402, 1407 (4th Cir. 1990).

**B.     The Court must dismiss counts One and Two of the indictment in this case**

The indictment charges Mr. Luong in Count One with a violation of the Hobbs Act. The Hobbs Act provides for punishment for "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . ." 18 U.S.C. § 1951(a); *see also Scheidler v. National Organization for Women, Inc.*, 547 U.S. 9, 17 (2006) (adopting "more restrictive" interpretation of statute that requires "violence . . . that furthers a plan or purpose to affect commerce . . . by robbery" (internal quotation marks and brackets omitted; ellipses in original)). The statute defines "commerce" as

> commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

18 U.S.C. § 1951(b)(3).

The "commerce" element of a Hobbs Act violation, as defined by the Ninth Circuit's model jury instruction, requires a finding that "commerce from one state to another was [or] would have been affected in some way. Ninth Cir. Model Crim. Jury Instr. 8.142 (brackets in original omitted). "[T]he Hobbs Act is concerned solely with inter state, rather than intra state, activities." *United States v. Atcheson*, 94 F.3d 1237, 1242 (9th Cir. 1996) (emphasis in original). To establish federal jurisdiction for a Hobbs Act charge, the government must show at least a *de minimis* effect on interstate commerce. *United States v. Nelson*, 137 F.3d 1094, 1102 (9th Cir. 1998) (finding adequate interstate-commerce effect because jewelry stores defendants robbed were commercial businesses actively engaged in interstate commerce: approximately 95% of their business was with out-of-state firms and 90% of their merchandise was manufactured outside of state, stores were owned by corporation incorporated in Delaware and parent company was based in Canada).[1]

The government may satisfy the jurisdictional element for a Hobbs Act violation "by showing either that the crime had a direct effect or an indirect effect on interstate commerce." *United States v. Lynch*, 437 F.3d 902, 905 (9th Cir. 2006) ["*Lynch IV*"] (en banc). The Ninth Circuit has found a direct effect on interstate commerce, even though the victim was an individual not engaged in business, where (1) the defendants were engaged in interstate illegal drug trafficking; (2) they traveled to one state in a vehicle rented in another state; (3) they used interstate phone lines to lure the victim from one state to another for the purpose of robbery; (4) they killed the victim with a gun that they carried across state lines; (5) after the robbery, they used the victim's bank card to withdraw money in three different states; (6) the use of the

---

[1]Although the Court need not decide the issue here because the government fails to establish even a *de minimis* effect on interstate commerce, the defense maintains that the *de minimis* standard for individual violations of the Hobbs Act should not survive the Supreme Court's decisions in *Lopez* and *Morrison*. The appropriate standard is that the regulated activity must substantially affect interstate commerce. *United States v. Lopez*, 514 U.S. 549, 559 (1995); *United States v. Morrison*, 529 U.S. 598, 608 (2000).

victim's bank card required interstate communications; (7) the defendants traveled to three different states in the stolen truck; and (8) they rented a U-Haul truck to transport the victim's truck from one state to another. *United States v. Lynch*, 367 F.3d 1148 (9th Cir. 2004) ["*Lynch III*"].

If the defendant's conduct did not have a direct effect on interstate commerce, crimes directed toward an individual violate the Hobbs Act only if:

> "(1) the acts deplete the assets of an individual who is directly and customarily engaged in interstate commerce; (2) if the acts cause or create the likelihood that the individual will deplete the assets of an entity engaged in interstate commerce; or (3) if the number of individuals victimized or the sum at stake is so large that there will be some cumulative effect on interstate commerce."

*United States v. Lynch*, 282 F.3d 1049, 1053 (9th Cir. 2002) ["*Lynch I*"] (quoting *United States v. Collins*, 40 F.3d 95, 100 (5th Cir. 1994)); *see also United States v. Rodriguez*, 360 F.3d 949, 956 (9th Cir. 2004) (referring to "the heightened showing under *Lynch*" that the government must make when the robbery was from an individual). Although robbery and extortion necessarily involve an economic component, "robbery and extortion, particularly of individuals, have traditionally been the province of the states. In addition, the taking of small sums of money from an individual has its primary and direct impact only on that individual and not on the national economy." *Lynch I*, 282 F.3d at 1052. This test "reserves to the States the prosecution of robberies and extortionate acts that have only a speculative, indirect effect on interstate commerce." *Id.* at 1053.

The indictment here alleges that Mr. Luong robbed an individual of several items of "personal property": an "iPhone 6, credit card, driver's license, and medical card." Exhibit A. There is no allegation that the robbery depleted the victim's assets or that the victim was engaged in any interstate business or that the robbery even created the likelihood that the victim would deplete the assets of an interstate business. *Lynch I*, 282 F.3d at 1053. The indictment does not allege that Mr. Luong, the victim or any of the stolen items crossed a state line in connection with the offense. It does not even allege that Mr. Luong and the victim communicated across state

lines.

The only allegation in the indictment that has anything to do with interstate commerce is the statement that Craigslist, on which Mr. Luong allegedly offered a car for sale, is "an online marketplace allowing users to advertise merchandise and services for sale throughout the United States." Exhibit A. However, Craigslist advertises itself as a source of "[l]ocal classifieds and forums -- community moderated, and largely free,"[2] with separate sites for hundreds of different locations,[3] including six sub-locations within the "SF bay area." Craigslist SF bay area, *available at* http://sfbay.craigslist.org/ (last viewed June 19, 2015). Craigslist encourages its users to "[d]eal locally, face-to-face."[4] Moreover, Craigslist is based in San Francisco.

The indictment thus does not either allege, or provide any basis for believing that the grand jury found, that Mr. Luong's conduct had anything more than a "speculative, indirect effect" on interstate commerce. This is not enough to sustain a prosecution under the Hobbs Act. Accordingly, the Court must dismiss Count One of the indictment and Count Two that depends on it.

//
//
//
//
//
//

---

[2]Craigslist factsheet, *available at* https://www.craigslist.org/about/factsheet (last viewed June 19, 2015).

[3]Craigslist sites, *available at* https://www.craigslist.org/about/sites (last viewed June 19, 2015).

[4]Craigslist avoiding scams, *available at* http://www.craigslist.org/about/scams (last viewed June 19, 2015).

**CONCLUSION**

For the reasons stated above, Mr. Luong respectfully asks the Court to dismiss Counts One and Two of the indictment in this case.

Dated: July 6, 2015

                                        Respectfully submitted,

                                        STEVEN G. KALAR
                                        Federal Public Defender

                                        /s/ Ned Smock

                                        NED SMOCK
                                        Assistant Federal Public Defender