| | |
|---|---|
| 1 | STEVEN G. KALAR |
|   | Federal Public Defender |
| 2 | NED SMOCK |
|   | Assistant Federal Public Defender |
| 3 | 555 - 12th Street |
|   | Suite 650 |
| 4 | Oakland, CA 94607-3627 |
|   | Telephone: (510) 637-3500 |
| 5 | |
|   | Counsel for Defendant Tuan LUONG |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR-15-00178 HSG |
|---|---|---|
| Plaintiff, | ) ) | MOTION, NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF |
| vs. | ) ) | MOTION TO SUPPRESS EVIDENCE |
| TUAN NGOC LUONG, | ) ) | Date: August 10, 2015 |
|   | ) | Time: 2:00 p.m. |
| Defendant. | ) | Courtroom: Hon. Haywood S. Gilliam |
|   | ) | |

TO: UNITED STATES OF AMERICA, PLAINTIFF; AND MELINDA HAAG, UNITED STATES ATTORNEY; AND BRIAN LEWIS, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that defendant Tuan Ngoc Luong moves this Court for an order suppressing statements attributed to him at the time of his arrest and evidence obtained from a cellular telephone seized at the time of his arrest.

The motion is based on this notice and motion, the following memorandum of points and authorities and accompanying exhibits, the Fourth and Fifth Amendments to the United States Constitution, all other applicable constitutional, statutory and case authority and such evidence and argument as may be presented at the hearing of this motion.

## INTRODUCTION

On February 17, 2015, deputies from the Alameda County Sheriff's Office arrested Tuan Luong pursuant to a warrant. At least one deputy questioned Mr. Luong without first advising him of his *Miranda* rights. Because the government cannot carry its burden of establishing the lawfulness of the interrogation, the Court should suppress all the fruits of this unlawful questioning.

Also on February 17, 2015, deputies seized a cellular telephone from Mr. Luong. On February 19, 2015 they obtained a warrant to search the telephone for specific evidence. However, it appears that evidence was gathered from the telephone that was outside the scope of the search warrant. Any such evidence must be suppressed.

## RELEVANT FACTS

Deputies from the Alameda County Sheriff's Office suspected that Mr. Luong stole items from an individual at gunpoint on the night of February 15, 2015. An arrest warrant was issued and deputies arranged a "sting" to arrest Mr. Luong pursuant to that warrant on February 17, 2015. Deputies approached Mr. Luong as he sat in the driver seat of a vehicle at a liquor store at 500 Via Mercado in San Lorenzo. Declaration of Tuan Luong ["Luong Decl."], ¶2. Deputies ordered Mr. Luong at gunpoint to exit the vehicle and lie on the ground. He complied. *Id.* Alameda County Sheriff Deputy David McKaig reports that he saw a holster attached to a belt on the small of Mr. Luong's back containing a semi-automatic pistol. Incident/Criminal Report by Deputy McKaig ("McKaig report"), attached as Exhibit A to Declaration of Ned Smock ["Smock Decl."]. Mr. Luong was lying on his stomach with at least one officer on top of him. At this time, one of the deputies asked Mr. Luong why he had a gun. Luong Decl., ¶3. Deputy McKaig reports that Mr. Luong said that "he used the pistol for protection." McKaig report. Mr. Luong had not been Mirandized at the time.

On February 19, 2015, Deputy Bryan Francis of the Alameda County Sheriff's Office obtained a warrant to search an Apple IPhone 5 that had been seized from Mr. Luong at the time

1 of his arrest. Alameda County Judge Jacob Blea III signed the warrant authorizing a search for:

2     (1) Recent call history of all outgoing, incoming, missed calls and lists of all contacts stored inside of Almonte's cellular phone.

3     (2) All incoming and outgoing text messages, picture messages, pictures and video's stored inside of Almonte's cellular phone.

Search warrant, attached as Exhibit B to Smock Decl.[1] The defense has received limited discovery about the results of the search of the cellular telephone.[2] However, the government produced to the defense screen shots taken from what appears to be the cellular phone linked to Mr. Luong. Those screen shots show text message exchanges, but also show what appear to be screen shots of internet history on the cellular phone. Specifically, there are screen shots of a Craigslist post advertising an automobile for sale. Screenshots, attached as Exhibit C to Smock Decl.

## ARGUMENT

**A.     The statement obtained as a result of pre-Miranda questioning must be suppressed**

The government claims that at the time he was being placed under arrest, Mr. Luong told Alameda County Sheriff's Deputies that he possessed the charged handgun for protection. This statement must be excluded because it was obtained in violation of *Miranda*.

The Supreme Court held in *Miranda* that police must advise suspects of certain rights before interrogating a suspect in custody. *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). "'[C]ustodial interrogation' mean[s] 'questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'" *Yarborough v. Alvarado*, 541 U.S. 652, 661 (2004) (quoting *Miranda*, 384

---

[1] The warrant here erroneously refers to "Almonte's cellular phone". Because the narrative statement of probable cause refers to Mr. Luong, this appears to be a typo. The defense does not here challenge the warrant on this basis.

[2] The defense's demand for further discovery on this issue is the subject of a concurrently filed motion for discovery.

U.S. at 458). In considering whether a person is in custody, courts must look at "how a reasonable person in the suspect's situation would perceive his circumstances." *Id.* at 662. Statements that are the product of custodial interrogation must be suppressed unless the defendant first was advised of and validly waived his rights. *Miranda*, 384 U.S. at 444.

Mr. Luong was in custody for purposes of *Miranda* because at the relevant time he had been ordered out of his car and onto the ground at gunpoint. He was lying on the ground and a deputy was on top of him when the deputy asked him why he had a gun. Luong Decl., ¶3.[3] The test for what constitutes custodial interrogation is whether the words or actions of the police officers were such that they should have known that those words or actions were likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 301-02 (1980). It should go without saying that the deputy's question about why Mr. Luong had a gun amounted to custodial interrogation. *See United States v. Moreno-Flores*, 33 F.3d 1164, 1169 (9th Cir. 1994) (stating that interrogation for purposes of *Miranda* includes "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response."). Mr. Luong was not advised of his *Miranda* rights before the deputy interrogated him. Therefore, the Court must suppress all statements that he made before he was warned because they were obtained in violation of *Miranda*. *See United States v. Gonzalez-Sandoval*, 894 F.2d 1043, 1046 (9th Cir.1990) (stating that a *Miranda* violation occurs when a suspect is interrogated while in custody without first being advised of his rights).

//

//

//

---

[3] Officer McKaig describes Mr. Luong's statement as "spontaneous." McKaig report. It is not clear whether he denies asking Mr. Luong about the gun. To the extent there is any dispute about the relevant facts, the defense requests an evidentiary hearing.

**B.     Any evidence obtained from the cellular phone that was outside the scope of the search warrant must be suppressed**

"It is fundamental, of course, that a search must be confined to the terms and limitations of the warrant." *United States v. Washington*, 797 F.2d 1461, 1468 (9th Cir. 1986). As set forth above, the warrant signed by Judge Blea did not grant permission to search the entire contents of the cellular phone. The warrant authorized only a search of recent call history, contacts, text messages, picture messages, pictures, and videos. Based on the discovery provided thus far, it appears that law enforcement accessed the internet history of the cellular phone in order to obtain screen shots of a Craigslist posting. This suggests that law enforcement searched the cellular telephone beyond what was permitted in the warrant. Accordingly, all such evidence must be suppressed.

## CONCLUSION

For the reasons stated above, Mr. Luong respectfully asks the Court to suppress all fruits of the pre-Miranda questioning and all evidence obtained from the cellular telephone that was outside the scope of the February 19, 2015 search warrant.

Dated: July 6, 2015

                                      Respectfully submitted,

                                      STEVEN G. KALAR
                                      Federal Public Defender

                                      /s/ Ned Smock

                                      NED SMOCK
                                      Assistant Federal Public Defender