UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>TUAN NGOC LUONG,<br><br>    Defendant. | Case No. 15-cr-00178-HSG-1<br><br>**ORDER DENYING MOTION TO DISMISS THE INDICTMENT**<br><br>Re: Dkt. No. 19 |

    On March 26, 2015, Defendant Tuan Ngoc Luong was indicted on three counts: (1) Interference with Commerce by Robbery, 18 U.S.C. § 1951(a); (2) Brandishing a Firearm during and in relation to a Crime of Violence, 18 U.S.C. § 924(c)(1)(A)(ii); and (3) Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922(g)(1). Luong moves to dismiss counts one and two of the indictment on the ground that it does not adequately allege that his conduct affected interstate commerce as required by the Hobbs Act. Dkt. No 19 ("Mot") at 2. The government opposes Luong's motion, arguing that the indictment's allegation that Luong lured his victim through Craigslist, "an online marketplace allowing users to advertise merchandise and services for sale throughout the United States," is sufficient to support an indictment under the Hobbs Act. Dkt. No. 22 ("Opp.") at 5-7.

    The Court heard argument on August 10, 2015 and orally denied Luong's Motion, which the Court stated would be followed by a more detailed written order. For the reasons set forth below, **DENIES** Luong's motion to dismiss.

### I.    LEGAL STANDARD

    An indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the

defendant not to be placed in double jeopardy and to be informed of the offense charged." *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004) (citing *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995)). In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment. *United States v. Lyle,* 742 F.3d 434, 436 (9th Cir. 2014) (citing *United States v. Boren,* 278 F.3d 911, 913 (9th Cir. 2003)). The court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id.* A motion to dismiss an indictment cannot be used as a device for summary trial of the evidence, and the court should not consider evidence not appearing on the face of the indictment. *Boren,* 278 F.3d at 914 (citing *United States v. Jensen,* 93 F.3d 667, 669 (9th Cir. 1995)).

## II.   DISCUSSION

### A.   The Hobbs Act

The Hobbs Act provides for federal jurisdiction over crimes that were traditionally addressed by the states. *See United States v. Culbert,* 435 U.S. 371, 379 (1978) ("[T]here is no question that Congress intended to define as a federal crime conduct that it knew was punishable under state law"). In pertinent part, the Act states:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The interstate commerce element of the Hobbs Act requires only a *de minimis* effect on interstate commerce, *United States v. Lynch*, 437 F.3d 902, 909 (9th Cir. 2006) ("*Lynch IV*"), which may be shown "by proof of a probable or potential impact" on interstate commerce, *United States v. Huynh*, 60 F.3d 1386, 1389 (9th Cir. 1995). In other words, the government is not required to show that a defendant's crime actually affected interstate commerce; it need only show that it is the type of crime that could potentially have that effect.

"Both *direct* and *indirect* effects on interstate commerce may violate section 1951(a)." *Lynch IV*, 437 F.3d at 909 (citation omitted) (emphasis in original). In *United States v. Lynch*

("*Lynch I*"), the Ninth Circuit "narrowed the reach of the Hobbs Act by requiring a stricter test for prosecutions that involve only the robbery of an individual." *Rodriguez*, 360 F.3d at 956; *Lynch I*, 282 F.3d 1049, 1053 (9th Cir. 2001) ("[T]he taking of small sums of money from an individual has its primary and direct impact only on that individual and not on the national economy."). When a robbery of an individual is alleged to have had an indirect effect on interstate commerce, the Hobbs Act only applies if (1) the acts deplete the assets of an individual who is directly and customarily engaged in interstate commerce; (2) the acts cause or create the likelihood that the individual will deplete the assets of an entity engaged in interstate commerce; or (3) the number of individuals victimized or the sum at stake is so large that there will be some cumulative effect on interstate commerce. *Id*. at 1053. However, the test articulated in *Lynch I* does not apply where the robbery has a direct effect on interstate commerce. *Lynch IV*, 437 F.3d at 910 ("[S]ince we have determined that there was more than adequate evidence of *direct* effects on interstate commerce, a new trial as to any *indirect* effect . . . is not required.") (emphasis in original).

**B.     Application**

"As a charging document, an indictment must provide several safeguards for the defendant in our criminal justice system.  It must sufficiently apprise the defendant of the charges against him in order to enable him to prepare his defense, and to enable him to plead jeopardy against a later prosecution." *Woodruff*, 50 F.3d at 677.  With respect to charges under the Hobbs Act, the Ninth Circuit has held that there is no requirement that the indictment contain facts demonstrating that the alleged criminal activity did, in fact, affect interstate commerce. *See Rodriguez*, 360 F.3d at 958 ("[T]hough the interstate commerce nexus is an element that 'must be proved at trial[,]' . . . [the Ninth Circuit] has established that it need not . . . be expressly described in the indictment.") (citation omitted).  For example, in *Woodruff,* the Ninth Circuit found that "[a]lthough the indictment contained no facts alleging how interstate commerce was interfered with, and did not state any theory of interstate impact, prior decisions . . . compel the conclusion that the indictment was sufficient as written."  50 F.3d at 676.

The indictment at issue in this case satisfies these requirements.  The indictment alleges that, on or about February 15, 2015 in the Northern District of California, Luong:

3

> knowingly obstructed, delayed, and affected commerce . . . in that the defendant did unlawfully take . . . personal property from the victim, namely the victim's iPhone 6, credit card, driver's license, and medical card, by purporting to offer for sale on Craigslist, an online marketplace allowing users to advertise merchandise and services for sale throughout the United States, a 1996 Acura Integra, and when the victim met the defendant in order to purchase the car, the defendant robbed the victim at gunpoint . . . .

Mot., Ex. A. Like the indictment at issue in *Woodruff*, the indictment in this case serves its intended functions by "sufficiently inform[ing] the accused of the specific offenses with which he was charged." *Woodruff*, 50 F.3d at 677.

In essence, Luong's asserts that the government is wrong that luring a robbery victim through Craigslist has at least a *de minimis* effect on interstate commerce. But that is not an appropriate challenge to an indictment. *See Lyle,* 742 F.3d at 436 (The court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged.") (citation omitted); *see also Boren*, 278 F.3d at 914 ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence . . . .") (citation omitted). Craigslist's nexus to interstate commerce is an element that must be proved at trial; it need not be expressly described in the indictment. *See Rodriguez*, 360 F.3d at 958.

### III.   CONCLUSION

For the foregoing reasons, Luong's Motion to Dismiss the Indictment is **DENIED**.[1]

**IT IS SO ORDERED.**

Dated: September 10, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Although not the formal subject of Luong's motion, Luong briefly argues that the *de minimis* standard for individual violations of the Hobbs Act should not survive the Supreme Court's decisions in *United States v. Lopez*, 514 U.S. 549 (1995) and *United States v. Morrison*, 529 U.S. 598 (2000). Governing Ninth Circuit authority holds otherwise. *See United States v. Boyd*, 480 F.3d 1178, 1179 (9th Cir. 2007) ("The 'substantially affects' language in [*Lopez* and *Morrison*] does not displace our cases requiring only a *de minimis* effect on interstate commerce to support a Hobbs Act prosecution.") (citations omitted).