STEVEN G. KALAR
Federal Public Defender
NED SMOCK
Assistant Federal Public Defender
1301 Clay Street
Suite 1350N
Oakland, CA 94612
Telephone: (510) 637-3500

Counsel for Defendant TUAN LUONG

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR-15-00178 HSG |
|---|---|---|
| Plaintiff, | ) | |
| | ) | DEFENDANT'S MOTION FOR |
| vs. | ) | JUDGMENT OF ACQUITTAL |
| | ) | ON COUNTS ONE AND TWO |
| TUAN NGOC LUONG, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Defendant Tuan Luong hereby moves for a judgment of acquittal on counts One and Two because the evidence is insufficient to sustain a conviction. Specifically, the government has not proved the interstate-commerce element of the Hobbs Act charge (Count One), on which the 18 U.S.C. § 924(c) charge (Count Two) also depends. The motion is based on the Fifth Amendment to the United States Constitution, Rule 29 of the Federal Rules of Criminal Procedure, the evidence presented at trial and all other applicable constitutional, statutory and case authority and such evidence and argument as may be presented at the hearing of this motion.

LUONG RULE 29 MOTION                    1

## BACKGROUND

On March 28, 2015, the government indicted Mr. Luong for violations of the Hobbs Act, 18 U.S.C. § 924(c) and 18 U.S.C. § 922(g).  The Hobbs Act count alleged a single basis for federal jurisdiction:  Mr. Luong lured the victim by placing an ad for a car for sale on "Craigslist, an online marketplace allowing users to advertise merchandise and services for sale throughout the United States."[1]  The complaint against Mr. Luong, filed March 10, 2015, also alleged federal jurisdiction for the Hobbs Act count based solely on Craigslist.

Before trial, Mr. Luong moved to dismiss the Hobbs Act and § 924(c) counts because the indictment failed to allege a proper basis for Hobbs Act jurisdiction.  He argued that the robbery was of an individual, not a business, and the government did not allege any interstate movement or transaction that would establish a direct effect on interstate commerce.  Nor did the government allege any facts that would support a finding of an indirect effect, as provided for in *United States v. Lynch*, 282 F.3d 1049, 1053 (9th Cir. 2002).  The mere use of Craiglist to post an ad for the car was not sufficient to show an effect on interstate commerce, Mr. Luong argued, given that Craigslist is based in this district and designed to foster local transactions.  In opposing Mr. Luong's motion to dismiss, the government again relied solely on the use of Craiglist: "This specific factual allegation that the defendant used the Internet to commit his robbery satisfies the

---

[1]Specifically, Count One alleged that Mr. Luong stole

> personal property from the victim, namely the victim's iPhone 6, credit card, driver's license, and medical card, by purporting to offer for sale on Craigslist, an online marketplace allowing users to advertise merchandise and services for sale throughout the United States, a 1996 Acura Integra, and when the victim met the defendant in order to purchase the car, the defendant robbed the victim at gunpoint.

Count Two, alleging a violation of 18 U.S.C. § 924(c), depends on the validity of the Hobbs Act count. *See United States v. Lynch*, 282 F.3d 1049, 1055 (9th Cir. 2001) (remanding for commerce determination and vacating denial of Rule 29 motion challenging 924(c) conviction: "Federal jurisdiction over Lynch's conviction pursuant to 18 U.S.C. sec. 924(c) is thus dependent on the court having jurisdiction over the robbery under the Hobbs Act.").

jurisdictional interstate nexus element of the Hobbs Act."

It has been clear from the beginning of this case that the government's theory of jurisdiction is novel at best. At the hearing on defendant's motion to dismiss, the Court indicated that the government would be given an opportunity at trial to present evidence to prove an effect on interstate commerce sufficient to establish federal jurisdiction. The government has now had that opportunity, and it fell far short. The government's proof at trial of the Hobbs Act interstate-commerce element, viewed in the light most favorable to the government, was limited to evidence that:

- Mr. Luong posted an advertisement for a car for sale on a local San Francisco Bay Area Craigslist website indicating that the car was available in the Dublin/Pleasanton/Livermore area;

- the car was 19 years old, had salvage title, 224,000 miles on the odometer, and was offered for $1,100 cash only;

- the advertisement was posted for 40 minutes before being taken down;

- the victim, also local, contacted Mr. Luong based on the ad and the two met at a location less than ten minutes from the victim's home;

- Craigslist is a collection of websites with local sites throughout the United States and the world;

- Craigslist has millions of users around the world;

- one person from California once posted an advertisement on the Reno, Nevada Craiglist site;

- people can search for goods and services in other states on Craigslist by entering local sites in different states;

- the FBI case agent once looked for cars on the Washington, D.C. Craigslist site; and

- the victim once sold a motorcycle (about which no other information was presented) to someone in Nevada using Craiglist and received calls from out of state (that did not materialize into sales) about unknown vehicles he had posted for sale on Craigslist.

**ARGUMENT**

A court must grant a motion under Rule 29 when the evidence, viewed in the light most favorable to the government, fails to establish the elements of the offense. *Jackson v. Virginia*,

LUONG RULE 29 MOTION                    3

443 U.S. 307, 319 (1979).  "More than a 'mere modicum' of evidence is required to support a verdict."  *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (quoting *Jackson*, 443 U.S. at 320).  The Court must consider all the evidence at trial -- including evidence of innocence -- in determining the sufficiency of the evidence.  *Id.* at 1165.  Although the insufficient-evidence standard is a difficult one to meet, it is not an impossible one.  *See, e.g.*, *United States v. French*, 748 F.3d 922, 936-37 (9th Cir. 2014) (reversing district court's denial of Rule 29 motion and reversing convictions for two counts of money laundering because of insufficient evidence).

      Interference with interstate commerce is an "essential element[] of a Hobbs Act crime."  *Stirone v. United States*, 361 U.S. 212, 218 (1960).  "The charge that interstate commerce is affected is critical since the Federal Government's jurisdiction of this crime rests only on that inference."  *Id.*  When a defendant challenges the sufficiency of the evidence for a Hobbs Act violation, the Court must determine whether the government has proved the interstate-commerce element.  If it has not, the conviction cannot stand.[2]

      The government here has not presented sufficient evidence to establish the interstate-commerce element of the Hobbs Act charge against Mr. Luong.  It has not shown, as it charged

---

[2] *See, e.g.*, *United States v. Peterson*, 236 F.3d 848, 853-57 (7th Cir. 2001) (reversing Hobbs Act conviction based on robbery of marijuana dealer's home because government did not establish that marijuana came from out of state); *United States v. Wang*, 222 F.3d 234, 238-40 (6th Cir. 2000) (reversing Hobbs Act conviction even though $1200 of $4200 defendant stole from private citizens in private residence "belonged to a restaurant doing business in interstate commerce"; government did not show "substantial connection" between robbery and restaurant's business or other effect on interstate commerce); *United States v. Quigley*, 53 F.3d 909, 911 (8th Cir. 1995) (upholding judgment of acquittal for failure to prove commerce element where victims were robbed while on their way to pick up beer, which had traveled in interstate commerce but that they already had paid for, from a store); *United States v. Mattson*, 671 F.2d 1020, 1024-25 (7th Cir. 1982) (rejecting both direct and indirect (depletion-of-assets) theories as jurisdictional basis for Hobbs Act prosecution of defendant for extorting $3,000 from victim for electrician's license; out-of-state electrical supplies would have been purchased whether or not victim got license and victim was individual who paid extorted amount and had no connection to interstate commerce but only was connected to a business that was engaged in interstate commerce).

in this case, that Mr. Luong's robbery of Mr. Montellano had even a potential direct effect on interstate commerce based on his use of Craigslist to post the ad for the car. Mr. Luong is entitled to a judgment of acquittal on counts One and Two.

The robbery Mr. Luong committed was of an individual person, Mr. Montellano, not of Craigslist. The government did not offer any evidence whatsoever that Mr. Luong moved, or caused anything to be moved, across a state line in connection with the robbery. This case thus stands in stark contrast to other Ninth Circuit cases involving robberies of individuals, in which the Court found a direct effect on interstate commerce based on a person or thing actually crossing a state line. *See, e.g.*, *United States v. Lynch*, 367 F.3d 1148, 1157 (9th Cir. 2004) (finding direct effect on interstate commerce from defendant's traveling between states, renting a car in another state, making interstate phone call to lure victim across state line; transporting murder weapon across state lines in connection with robbery; and using victim's debit card in three different states); *United States v. Atcheson*, 94 F.3d 1237, 1243 (9th Cir. 1996) (finding direct effect on interstate commerce from defendant's at least attempting to obtain out-of-state bank cards from victims, placing interstate phone calls to determine victims' account balances and taking stolen jewelry across state lines to fence).

The government's proof that Mr. Luong used Craiglist to advertise the car and thus lure a victim is not sufficient to establish the interstate-commerce element of the Hobbs Act violation. The government's evidence about Craigslist showed that it consists of many local websites with many users. On the *one disputed issue in this case*, the government did not present any facts having anything to do with whether or not Mr. Luong's robbery of Mr. Montellano at least potentially affected interstate commerce. The government did not present evidence establishing a potential or probability that the advertisement from Mr. Luong would have effected interstate commerce; nor did it present statistics establishing how frequently sales on the Bay Area Craigslist site are between people from different states; nor did it present any expert testimony on this issue. The lack of actual occurrences of relevant interstate commerce through the SF Bay

LUONG RULE 29 MOTION                     5

Area Craigslist website was further highlighted by the testimony from the Craigslist representative, William Powell, who could provide no evidence - statistical or otherwise - regarding interstate traffic to the SF Bay Area website or about the type of vehicle offered for sale in this case and its likelihood of attracting buyers from out of state.  The sum total of government evidence was anecdotal evidence of a handful of interstate communications over Craiglist in the past that had no relevance to whether *this robbery* affected or potentially affected interstate commerce.

"When the Government seeks to satisfy the Act's jurisdictional nexus by showing a connection between an individual victim and a business engaged in interstate commerce, that connection must be a substantial one -- not one that is fortuitous or speculative." *United States v. Wang*, 222 F.3d 234, 239-40 (6th Cir. 2000).  For example, the government might "demonstrat[e] that the defendant knew of or was motivated by the individual victim's connection to interstate commerce."  *Id.* at 240; *see, e.g.*, *United States v. Powell*, 693 F.3d 398, 403-04 (3d Cir. 2012) (affirming conviction because defendants deliberately targeted store owners to rob).  In *Wang*, the Sixth Circuit reversed the defendant's conviction even though $1200 of the $4200 he stole from private citizens in a private residence "belonged to a restaurant doing business in interstate commerce."  222 F.3d at 239-40.  "[A] robbery of a private citizen that causes only a speculative indirect effect on a business engaged in interstate commerce will not satisfy the jurisdictional requirement of the Hobbs Act."  *Id.* at 238.  The government did not show a "substantial connection" between the robbery and the restaurant's business, nor was there any evidence of an effect on interstate commerce.  *Id.* at 240.  Here, as well, there was no evidence of a "substantial connection" between the robbery and Craigslist's business.

The only case the government has identified in which Hobbs Act jurisdiction was based solely on a defendant's use of a website to attract robbery victims is from out of circuit and actually rested on a significantly stronger factual showing of interstate activity.  In *United States v. Horne*, the defendant "advertised fictitious vintage cars on eBay."  474 F.3d 1004, 1005 (7th

1  Cir. 2007). The Seventh Circuit's determination that the robbery affected interstate commerce
2  relied not solely on the fact that eBay is "an avenue of interstate commerce" but on the fact that
3  "most of the vehicle sales made through eBay are interstate or international."[3] *Id.* at 1006 (citing
4  websites). The government presented no such facts about Craigslist in this case. It was clear
5  from the evidence offered at trial that, if in fact there ever are sales between the SF Bay Area
6  Craiglist site and users in another state, they are the exception, not the norm, and are far
7  outnumbered by the local, face-to-face transactions Craiglist promotes. Moreover, in contrast to
8  Mr. Luong's mere posting of the (non-vintage) car ad on Craigslist for 40 minutes in this case,
9  the Seventh Circuit held in *Horne* that "the buy and sell offers communicated over [the Internet]
10 in this case created interstate transactions and were affected by the defendant's fraud." *Id.*
11 Again, the government did not produce *any* evidence of interstate "buy and sell offers" or other
12 transactions communicated via Craigslist in Mr. Luong's case or any other incident involving
13 comparable circumstances.
14     As the evidence at trial showed, there are differences between eBay and Craigslist that are
15 significant to the interstate-commerce determination. Craigslist is based in this district. It is
16 focused on fostering local transactions, and it is divided into local sites for just that purpose.
17 Unlike eBay, it does not either charge individual non-employment advertisers to post ads or
18 receive any money from any transactions that it facilitated. Notably, Craigslist offers advertisers
19 only a place to post an ad; in contrast to eBay, once the ad is posted, it plays no role in
20 connecting potential buyers with sellers, in closing any deals or in collecting or processing any

---

[3] The six out-of-circuit cases that the Seventh Circuit in *Horne* string-cites to support its reliance on the defendant's use of eBay as a basis for Hobbs Act jurisdiction all address interstate commerce in the context of child-pornography statutes, not the Hobbs Act. These cases rely on Congress' establishment of a comprehensive scheme for controlling the trafficking of child pornography and/or its ability to regulate the channels of interstate commerce. More importantly, the jurisdictional elements in the child-pornography statutes at issue in these cases require either some movement across state lines, transportation in interstate or foreign commerce by computer or other means or the use of a means of interstate commerce. None of them involves the Hobbs Act or a statute with a jurisdictional element that requires an *effect* on interstate commerce.

LUONG RULE 29 MOTION                7

payments. It is more local community bulletin board than international auction house.

There is no case other than *Horne* on which the government has sought to base the jurisdictional element for a Hobbs Act violation on so thin a thread as the defendant's use of a website to lure a victim. Indeed, the government cannot point to a single Ninth Circuit case supporting their novel theory of jurisdiction. Because Craigslist is meaningfully different from eBay, and the government failed in this case to prove even the few facts the Seventh Circuit relied on in *Horne*, the thread is not strong enough to support federal jurisdiction here. The evidence at trial was not sufficient to prove that the robbery even potentially had a direct effect on interstate commerce based on Mr. Luong's use of Craigslist.

## CONCLUSION

For the reasons stated above, the Court should grant a judgment of acquittal on counts One and Two of the indictment.

Dated: September 28, 2015

                                                  Respectfully submitted,

                                                  STEVEN G. KALAR
                                                  Federal Public Defender

                                                  /s/ Ned Smock

                                                  NED SMOCK
                                                  Assistant Federal Public Defender