UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>TUAN NGOC LUONG,<br><br>　　　　　Defendant. | Case No. 15-cr-00178-HSG-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE AND DENYING GOVERNMENT'S MOTION IN LIMINE**<br><br>Re: Dkt. Nos. 111, 112 |

　　　　The Government and Defendant submitted simultaneous motions *in limine* on January 5, 2016. Dkt. Nos. 111, 112. The parties responded on January 12, 2016. Dkt Nos. 113, 114. The Court heard oral argument at the pre-trial conference on January 19, 2016. Having carefully considered the parties' written and oral arguments, the Court **DENIES** the Government's motion and **GRANTS** the Defendant's motion.

　　　　The Government moves *in limine* to admit evidence relating to Defendant's contacts with "other actual and potential victims" at trial, arguing that such evidence is inextricably intertwined with the charged robbery scheme, or, in the alternative, that it is evidence admissible under Federal Rule of Evidence Rule 404(b). Dkt. No. 112 at 3. Defendant moves to "exclude all evidence related to the interactions between the person identified as Mr. Luong and others related to postings on Craigslist." Dkt. No. 111 at 3.

　　　　The Court finds the proffered evidence inadmissible under Federal Rule of Evidence Rule 403. Rule 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, none of the Government's proffered evidence relates to interstate communications. The Court finds that evidence of Defendant's contacts within California (and

apparently within the Bay Area, based on the area codes in the proffered texts) has essentially no probative value on the point for which it is offered:  did the charged robbery have an actual, probable or potential effect on interstate commerce?  And any minimal probative value is substantially outweighed by the danger that the proffered evidence (which includes, among other things, an allegation that Defendant "defrauded" other people who responded to his posting) will cause unfair prejudice, confuse the issues, mislead the jury, and waste time.  Because the proffered evidence does not materially bear on the issues to be decided, the Court **GRANTS** Defendant's motion *in limine*.  The Government may not present evidence of or reference the proffered intrastate responses or contacts, and is limited to presenting evidence regarding the contacts between the Defendant and the victim of the robbery charged in the indictment.

**IT IS SO ORDERED.**

Dated: 01/20/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge