UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TUAN NGOC LUONG,<br><br>　　　　Defendant. | Case No. 15-cr-00178-HSG-1<br><br>**ORDER DENYING MOTION TO PRECLUDE EVIDENCE AND ARGUMENT AT RETRIAL**<br><br>Re: Dkt. No. 129 |

The Defendant moves to preclude the Government from presenting evidence or arguing to the jury any basis for interstate commerce for the Hobbs Act count other than Defendant's alleged use of Craigslist. Dkt. No. 129. The Government opposes the motion. Dkt. No. 131. For the following reasons, Defendant's motion is **DENIED**.

Count one of the indictment, the Hobbs Act allegation, charges the following:

> [T]he defendant, Tuan Ngoc Luong, knowingly obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by robbery, in that the defendant did unlawfully take and obtain against the victim's will by means of actual and threatened force, by violence, and by fear of injury to the victim's person, personal property from the victim, namely the victim's iPhone 6, credit card, driver's license, and medical card, by purporting to offer for sale on Craigslist, an online marketplace allowing users to advertise merchandise and services for sale throughout the United States, a 1996 Acura Integra, and when the victim met the defendant in order to purchase the car, the defendant robbed the victim at gunpoint . . . .

Dkt. No. 7. Defendant contends that based on this language the only jurisdictional basis alleged for the Hobbs Act is the Defendant's use of Craigslist. He argues that the Court should preclude the Government from relying on what the defense claims is an alternative jurisdictional theory, namely the interstate transmission of electronic signals that occurred when the Defendant attempted to use the credit card, on the basis that this theory is a constructive amendment of the

indictment.

## I.  LEGAL STANDARD

An indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004) (citing *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995)).

"As a charging document, an indictment must provide several safeguards for the defendant in our criminal justice system. It must sufficiently apprise the defendant of the charges against him in order to enable him to prepare his defense, and to enable him to plead jeopardy against a later prosecution." *Woodruff*, 50 F.3d at 677. With respect to charges under the Hobbs Act, the Ninth Circuit has held that there is no requirement that the indictment contain facts demonstrating that the alleged criminal activity did, in fact, affect interstate commerce. *See Rodriguez*, 360 F.3d at 958 ("[T]hough the interstate commerce nexus is an element that 'must be proved at trial[,]' . . . [the Ninth Circuit] has established that it need not . . . be expressly described in the indictment.") (citation omitted). For example, in *Woodruff*, the Ninth Circuit found that "[a]lthough the indictment contained no facts alleging how interstate commerce was interfered with, and did not state any theory of interstate impact, prior decisions . . . compel the conclusion that the indictment was sufficient as written." 50 F.3d at 676.

## II.  ANALYSIS

The Court rejects Defendant's contentions. Defendant contends that "[t]he *only* jurisdictional basis for the Hobbs Act count alleged in the indictment is Mr. Luong's use of Craigslist." Dkt. No. 129 (emphasis added). The Court disagrees. Nothing in the language of count one suggests that the Government alleged Craigslist as the *exclusive* basis for satisfying the interstate commerce requirement. Moreover, the Court finds that the indictment adequately serves

its "intended function[]" of apprising the Defendant of the charges against him. *See Woodruff*, 50 F.3d at 677. It alleges that Defendant's robbery interfered with interstate commerce when he unlawfully took the victim's credit card after setting up the meeting through Craigslist.

Furthermore, the alleged "alternative basis" for interstate commerce is not a constructive amendment of the indictment. "An amendment . . . occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them." *United States v. Von Stoll*, 726 F.2d 584, 586 (9th Cir. 1984) (emphasis omitted). Where the facts in the indictment support the Government's theory, there is no amendment. *See United States v. Hui Hsiung*, 778 F.3d 738, 758 (9th Cir. 2015); *see also United States v. Dipentino*, 242 F.3d 1090, 1094-95 (9th Cir. 2001)(finding constructive amendment where indictment charged defendants with allowing asbestos-containing materials to dry out on floor, instead of placing materials, while wet, into leak proof containers, but jury instruction permitted jury to convict defendants for failing to deposit asbestos containing materials as soon as possible at waste disposal site meeting appropriate federal requirements); *United States v. Carlson*, 616 F.2d 446, 447-48 (9th Cir. 1980) (finding constructive amendment where indictment charged defendant with misapplying bank funds by causing loan to be made for personal use, but evidence and instructions permitted conviction for misapplying bank funds by causing loan to be made knowing that it was inadequately secured).

Here, there is no "literal or in effect" change in the indictment's terms. *See Jones v. Smith*, 231 F.3d 1227, 1232 (9th Cir. 2000). The fact that Defendant's use of the victim's credit card created interstate transmissions does not diverge from the charged allegations, given that count one charges Defendant with a Hobbs Act robbery that interfered with interstate commerce. This case is unlike *United States v. Stirone*, where the government prosecuted the defendant on charges not in the indictment: the "interference with movements of *steel* from Pennsylvania to other States." 361 U.S. 212, 217 (1960) (emphasis added). Stirone's indictment was limited to his interference with the "interstate importation of *sand*," and the Court held that there was no way to

3

know whether the grand jury would have been willing to include the additional charge relating to steel. *Id.* Unlike *Stirone*, the Government here does not seek to add a new basis for conviction, but rather is arguing an element of the alleged crime, interstate commerce, as charged in the indictment. Because the Government's jurisdictional theory arises from the "single set of facts" alleged, and is not based on a "complex of facts distinctly different from those set forth in the charging instrument," Defendant's motion is **DENIED**. *See Von Stoll*, 726 F.2d at 586.

**IT IS SO ORDERED.**

Dated: 1/26/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

4