UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>            Plaintiff,<br><br>    v.<br><br>TUAN NGOC LUONG,<br><br>            Defendant. | Case No. 15-cr-00178-HSG-1<br><br>**ORDER DENYING MOTION FOR SPECIFIC UNANIMITY INSTRUCTION AND VERDICT FORM**<br><br>Re: Dkt. No. 134 |

Defendant moves for a specific unanimity instruction and verdict form, specifying the basis for the jury's Hobbs Act jurisdictional finding. Dkt. No. 134. The Court **DENIES** Defendant's motion.

"[A] jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element." *Richardson v. United States*, 526 U.S. 813, 817 (1999). Where a statute consists of several elements, a specific unanimity instruction could be necessary to ensure that the jury has agreed unanimously and separately as to each element. *Id.* at 818. The jury, however, "need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element."[1] *Id.* at 817.

Here, the two possible bases for the Government's jurisdictional theory prove the same Hobbs Act element: whether the robbery affected interstate commerce. Thus, under *Richardson*, there is no requirement that the jury agree to the specific means by which interstate commerce was affected. *See United States v. Hofus*, 598 F.3d 1171, 1176 (9th Cir. 2010) ("[A]n indictment may

---

[1] "Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun. But that disagreement—a disagreement about means—would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force." *Id.*

allege that a defendant committed an offense by one or more specified means, but '[w]e have never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone.'" (quoting *Schad v. Arizona*, 501 U.S. 624, 632 (1991)); *see also United States v. Renteria*, 557 F.3d 1003, 1008 (9th Cir. 2009) (holding that because the language of the count in issue, "used in interstate and foreign commerce, and in an activity affecting interstate or foreign commerce," describes a single element, a specific unanimity instruction was not required); *United States v. Steele*, 543 F. App'x 703, 704 (9th Cir. 2013) (holding the district court did not err in refusing to give a unanimity instruction as to the factual basis underlying the interstate commerce element: "The jury was not required to agree unanimously on which incident of interstate travel Steele caused").

Because "a general instruction that the verdict must be unanimous" is ordinarily sufficient to protect a defendant's rights, *see United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir. 1989), Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: 1/27/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge