UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>TUAN NGOC LUONG,<br><br>        Defendant. | Case No. 15-cr-00178-HSG-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE**<br><br>Re: Dkt. No. 141 |

    Defendant moves to strike portions of testimony elicited from witnesses Jeffrey Jackson and Patrice Alexander Lee during trial on January 26, 2016. Dkt. No. 141. Defendant contends that the testimony of both witnesses violated Federal Rules of Evidence 602, 701 and 802, and the Sixth Amendment's Confrontation Clause.[1]

    The Court denies Defendant's motion as to witness Lee, finding that the testimony elicited was based on her personal knowledge, did not constitute expert testimony, and was not hearsay.

    The Court grants in part Defendant's motion as to witness Jackson. The portion of Jackson's testimony authenticating and interpreting business records is properly admitted under the hearsay exception. *See* Fed. R. Evid. 803(6). Defendant does not move to strike this portion of Jackson's testimony. Dkt. No. 141 (moving to strike Lee and Jackson's testimony "except those portions of testimony within either witness's personal knowledge, to wit, the authentication and interpretation of business records from Bank of America and STAR Risk Management and Control").

    At trial, however, Jackson specifically admitted that five days ago he told the FBI that he

---

[1] Defendant also objected to the government eliciting testimony from Craigslist Law Enforcement Liaison and Records Custodian William Powell about the placement and operation of Craigslist servers. Dkt. 141. Because in the end the government did not elicit such testimony from Powell, the motion is DENIED AS MOOT as to him.

"did not know how Bank of America's server verified non-Bank of America accounts and PINs."[2] He stated that in the past week he learned about the process by talking to associates who worked in the specific field. Jackson's testimony conveying what he heard from those unnamed associates in preparing for his testimony is thus hearsay under Federal Rule of Evidence 802. Because the Government did not establish that any exception applies, the hearsay is inadmissible. Accordingly Defendant's objection is sustained, and the motion to strike this portion of Jackson's testimony is **GRANTED**.

**IT IS SO ORDERED.**

Dated: 1/27/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Q. Did you tell the FBI [six days ago] that you did not know how Bank of America's server verified non Bank of America accounts and PINs?
A. Correct.
Q. And is that still the case?
A. Just convey the information, so I have knowledge of how it's processed.
Q. So since last Thursday you have learned the answer to that question?
A. Correct.
Q. And did you learn it through personal knowledge, or did someone else tell it to you?
A. I had to research it through our associates working within that specific field.
Q. So -- and those associates told you how the process works?
A. Correct.
Q. And so your testimony today was conveying to this Court what you were told since last Thursday?
A. What I learned of the process. Correct.
Dkt. No. 136 at 14.

2